# TOPTANILAW

September 20, 2021

The Honorable Colleen McMahon
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2550
New York, New York 10007

*[Handwritten: 9/27/2021 The real question is: who are the members of defendant, and where do they reside?]*

Re: *Positive Mobile Holdings Ltd. v. Rhythmone, LLC*
    Civil Action No. 1:21-cv-04647 (CM)

Dear Judge McMahon:

I represent named defendant Rhythmone, LLC (now known as Unruly Group LLC) in the above-captioned action. I respectfully write pursuant to Rule V.H of Your Honor's Individual Rules & Practices (the "Individual Rules") requesting that the Court issue the following orders:

(i) an order requiring plaintiff Mobile Holdings Ltd. ("Plaintiff") to comply with Rule 7.1 of the Federal Rules of Civil Procedure, which requires nongovernmental corporate parties to file a statement identifying any parent corporation and any publicly held corporation that owns 10% or more of its stock or stating that there is no such corporation; and

(ii) an order requiring Plaintiff to comply with Rule VI.A of the Individual Rules, which required Plaintiff to submit a letter to the Court explaining the basis for its belief that diversity citizenship exists prior to the Initial Pretrial Conference (which was initially scheduled for September 9, 2021, but did not occur because the parties submitted their proposed Civil Case Management Plan two days prior to such date.)[1]

Thank you for your consideration.

*MEMO ENDORSED*

Respectfully submitted,

/s/ *Edward Toptani*

Edward Toptani

**USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/27/2021**

---

[1] In this connection, on September 13, 2020, Plaintiff's counsel was informed that he failed to comply with Rule VI.A of the Individual Rules and that the complaint on its face does not state an adequate basis for the Court's subject matter jurisdiction. Indeed, "[i]f subject matter jurisdiction is lacking and no party has called the matter to the court's attention, the court has a duty to dismiss the action *sua sponte*." *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2nd Cir. 2009).