UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

POSITIVE MOBILE HOLDINGS LTD.,

    Plaintiff,

-against-                                                    21 civ. 4647 (CM)(OTW)

RHYTHMONE, LLC,

    Defendant.

------------------------------------------------------------X

## ORDER

McMahon, J.:

    On September 29, 2021, Defendant filed a letter motion (of sorts), asking the court to compel Plaintiff to file an amended complaint to cure purported "deficiencies" in pleading subject matter jurisdiction. (Doc. 25)

    On September 30, 2021, this court entered an order by memo endorsement requiring both parties – Plaintiff and Defendant – to file sworn statements with the court that would clarify whether subject matter jurisdiction existed.

    I gave the parties five business days to comply with the order. Five business days ended at the close of business yesterday, October 7.

    Plaintiff has complied with the order; defendant has not complied with the order.

    Plaintiff's sworn response indicates that the Plaintiff is a publicly-held, non-membership Israeli corporation. A letter received earlier from counsel indicates that Plaintiff has its principal place of business in Israel. That makes it a citizen of Israel – a foreign state – for diversity jurisdiction purposes.

    Plaintiff asserts that there exists diversity jurisdiction. It is up to defendant to demonstrate that diversity jurisdiction does not exist. That is because Defendant is a limited liability corporation, which makes it a citizen of every state in which its members are citizens. The plaintiff does not necessarily know who all of the Defendant's members are, or where they reside, and so is not required to plead that information. Rather, if the Defendant – which knows who its members are -- is aware that diversity is lacking, it is Defendant's responsibility to make a motion to dismiss

pursuant to Fed. R. Civ. P. 12(b)(1), so that this court does not waste its time dealing with a matter over which there is no jurisdiction.

Defendant has not made such a motion. Neither has it bothered to respond to this court's order directing it to reveal the citizenship of all of its members. I thus have no reason to believe that diversity jurisdiction is lacking in this case. It appears to the court that this is an action between "citizens of a State and citizens or subjects of a foreign State," over which this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2). We shall proceed on that basis.

I hereby *sua sponte* strike the Defendant's Tenth Affirmative Defense.

Any additional applications for ANY form of relief in this case must be made by formal motion. I will not accept letter motions of any sort.

The Clerk of Court is directed to remove the letter motion at Doc. #25 from the court's list of open motions.

Dated: October 8, 2021

_____
U.S.D.J.

BY ECF TO ALL COUNSEL